**Curtis D. RUSH, Plaintiff–Appellant,**

v.

**State of KANSAS and Michael Nelson, Warden, El Dorado Correctional Facility, Defendants–Appellees.**

No. 01–3384.

United States Court of Appeals, Tenth Circuit.

April 23, 2002.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

**ORDER AND JUDGMENT***

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se state prisoner 42 U.S.C. § 1983 civil rights appeal. Mr. Rush seeks damages for his claim that he was held with deliberate disregard past his maximum release date. The district court granted Defendants' motion for summary judgment because Mr. Rush failed to establish the violation of a constitutional right. Mr. Rush appealed to this court.

The record reflects that Mr. Rush's sentence was legitimately extended because of his own conduct. Mr. Rush was held an additional 180 days for violation of his post-release supervision, less 90 days accrued good time credit, plus 23 days for loss of accrued good time credit for infractions during his extended incarceration time. We agree with the district court that Mr. Rush did not establish the violation of any constitutional right.

After a thorough review of the briefs and the record, and for substantially the same reasons set forth in the district court's well-reasoned October 24, 2001 Order, we hold that no relief is available to Mr. Rush.

The decision of the trial court is **AFFIRMED.**

We remind Appellant that, because his motion to proceed in forma pauperis on appeal was granted, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.